UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASON CALABRESE, | : | No. 3:16-cv-00326 (MPS) |
|     *Plaintiff*, | : | |
| v. | : | |
| | : | |
| MEGAN BRENNAN, | : | |
| POSTMASTER GENERAL, *et al.* | : | |
|     *Defendants*. | : | August 3, 2016 |

**JOINT RESPONSE TO THE COURT'S ORDER**
**REGARDING THE RULE 26(F) REPORT**

Undersigned counsel has spoken with counsel for the plaintiff and counsel for the APWU and received permission to file the following joint statement:

On August 2, 2016, the Court, at docket entry 41, ordered the parties to comply with Rule 26(f) by either (1) explaining why this case is exempt from Rule 26(f) or (2) filing a Rule 26(f) report along with an explanation as to why sanctions should not be imposed. The parties respectfully request that the Court allow the parties to file the Rule 26(f) report following the briefing and ruling on the pending motions to dismiss so that the parties may accurate assess what discovery is actually needed in this case.

As the Court is aware, this is an employment discrimination case where the plaintiff has made claims against the Postal Service and his national union. The defendants initially moved to dismiss this case June 10, 2016. On June 28, 2016, the Court ordered that the plaintiff either file an amended complaint or an opposition to the motions to dismiss by July 19, 2016. On July 19, 2016, the plaintiff filed a motion for summary judgment, an amended complaint, and an opposition to the motion to dismiss. The Court, on July 21, 2016, denied the plaintiff's motion for summary judgment without prejudice and stated "motion may be renewed either after the defendants answer the 31 Amended Complaint or after the Court resolves any renewed motions

to dismiss." On August 1, 2016, the defendants (the Postal Service and the national union) again moved to dismiss all of the counts in this case.

At this point, the parties do not know what the status of the case will be following the motions to dismiss. This, in turn, affects the discovery that will be necessary. For example, in the Court's order at docket entry 5, which concerns the Initial Discovery Protocols, the Court specifically excluded cases that involve failure to provide reasonable accommodations and/or and cases alleging violations of the Family Medical Leave Act. In this case, there are alleged violations of the FMLA and the parties do not know if initial discovery protocols will be required because they do not know what, if any, claims will survive the motions to dismiss. Given that the plaintiff's makes claims concerning events over three years ago, the breadth and scope of discovery is highly dependent on the status of the case after the ruling on the motion to dismiss.

The parties did not intend to violate the Court's order or circumvent any rule. Rather, the parties were focused on briefing the issues at hand. As the docket demonstrates, all of the parties have been working diligently on this case. The parties apologize for not filing the Rule 26(f) report in a timely manner and respectfully request that they be allowed to file the Rule 26(f) report within 21 days after the Court's ruling on the motions to dismiss, should a report be necessary at that time. If the Court prefers to have the parties file a Rule 26(f) report prior to the ruling on the motions to dismiss, the parties will file such a report forthwith.

                                                 DEIRDRE M. DALY,
                                                 UNITED STATES ATTORNEY

By:   /S/ David C. Nelson
        David C. Nelson (ct25640)
        Assistant U.S. Attorney
        157 Church Street, 24th Floor
        New Haven, Connecticut 06510
        Tel:   (203) 821-3700
        Fax:   (203) 773-5373
        Email: David.C.Nelson@usdoj.gov

## **CERTIFICATION**

      I hereby certify that on August 3, 2016, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /S/ David C. Nelson
                                                David C. Nelson (ct25640)
                                                Assistant United States Attorney